UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN P. GONZALEZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CRETE CARRIER CORPORATION, a Nebraska corporation,<br><br>　　　　Defendant. | Case No.:<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Defendant Crete Carrier Corporation, hereby removes the above-entitled action to the United States District Court for the Western District of Washington. In support thereof, Defendant states as follows:

1.　　Plaintiff commenced this civil action in the Superior Court of the State of Washington in and for the County of King by serving Defendant with a Summons and Complaint asserting claims of violation of the RCW 49.12, the Washington Minimum Wage Act (RCW 49.46) and Washington Wage Rebate Act (RCW 49.52). All claims in the Complaint are asserted under Washington law. A true and correct copy of Plaintiff's Complaint and Summons are attached as Exhibit A and Exhibit B respectively to this Notice of Removal. Plaintiff served Defendant with the Summons and Complaint on January 8, 2019.

2.　　Removal of this matter is proper under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 on the grounds that (1) Plaintiff John P.

NOTICE OF REMOVAL - 1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Gonzalez ("Plaintiff"), is a citizen of the State of Washington, and Crete Carrier Corporation, a citizen of the State of Nebraska; (2) the matter in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff class in the aggregate is" more than 100. Removal jurisdiction is therefore appropriate under CAFA as alleged in detail below.

## I.  PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

3.  On January 3, 2019, Plaintiff filed his Complaint in the Superior Court of the State of Washington in and for King County, commencing the action entitled *John P. Gonzalez v. Crete Carrier Corporation*, Case No. 19-2-00231-0 SEA ("Complaint").  A true and correct copy of the Complaint is attached as Exhibit "A" to this Notice of Removal.  The Complaint alleges four causes of action:  (1) failure to pay hourly and separate wages for time spent on statutory rest periods and apart from and in addition to the piece-rate pay in violation of WAC 296-126-092(4); (2) failure to pay minimum wage for all hours worked under RCW 49.46.020 and 49.46.090; (3) failure to satisfy wage obligations assumed through contract under RCW 49.52.050(2); and (4) double damages for willful and intentional withholding of wages pursuant to RCW 49.52.050, 49.52.070, flowing from cause of actions one, two, and three.

4.  Defendant's registered agent for service of process was served with the Complaint on January 8, 2019.

5.  A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999).  As Defendant's registered agent for service of process was served with the summons and Complaint on January 8, 2019, this Notice of Removal is timely.  28 U.S.C. § 1446(b).

## II.  PLAINTIFF'S COMPLAINT IS REMOVABLE PURSUANT TO CAFA

6.  The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to

NOTICE OF REMOVAL - 2

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

this Court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

7. Under CAFA, the Federal District Court has jurisdiction if:

 a) There are at least 100 class members in all proposed plaintiff classes; and

 b) The combined claims of all class members exceed $5 million exclusive of interest and costs; and

 c) Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

**A. The Diversity Of Citizenship Requirement Is Satisfied**

8. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. *Id.* at (d)(2)(A). Plaintiff, a putative class member, is a resident, and thus a citizen, of the State of Washington. (Complaint, ¶ 4). Defendant is a Nebraska corporation having its principal place of business in Nebraska. (Complaint ¶ 5). Thus, Defendant is a citizen of the State of Nebraska. 28 U.S.C. § 1332(c); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that where a corporation does business in a number of states and does not conduct the substantial predominance of its business in any single one, the state where corporate headquarters is located is the corporation's principal place of business); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (in determining the principal place of business of a corporation for purposes of diversity jurisdiction, the "'principal place of business' [as contained in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Therefore, the requisite minimal diversity exists between the parties.

**B. There Are At Least 100 Class Members in the Proposed Class**

9. Plaintiff purports to bring this action on behalf of "[a]ll individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Crete Carrier Corporation, (4) in the position of truck driver, (5) and who were

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

paid, in whole or in part, on a per-mile piece-rate basis (or any other piece-rate basis), (6) at any time from three years prior to the filing of this Complaint through to the date of certification of the Class by the Court (the 'Class period')."[1] (Complaint, ¶ 19). Plaintiff alleges that "[t]his is a class action . . . against Defendant . . . for engaging in a systematic scheme of wage and hour violations against its current and former piece-rate truck drivers working in this State." (Complaint, ¶ 1). Based on a review of Defendant's business records, Defendant has determined it employed a total of 144 Washington residents as commercial long haul drivers at various times during the period beginning on January 3, 2016 and ending on January 25, 2019. (Declaration of Justin Feerhusen, ¶ 5). Thus, the putative class, as defined by Plaintiff's Complaint is comprised of 144 persons during the Class period as defined by Plaintiff's Complaint.

C.  **The Requisite $5 Million Amount In Controversy Is Satisfied**

10.   Defendant disputes the legal factual viability of all claims asserted by Plaintiff and provides the following analysis solely to establish that CAFA's amount in controversy requirements are plausibly met under the parameters of the Plaintiff's allegations in the Complaint. When the Plaintiff's allegations regarding the type and amount of hours of work performed by the putative class members are superimposed over the putative class size the amount in controversy exceeds, in the aggregate, five million dollars, as demonstrated below.[2]

*a)   Employee Rest Periods*

11.   Plaintiff alleges that "Defendant failed to pay Plaintiff and Class Members

---

[1] Although Plaintiff's class is ambiguously defined, Defendant construes Plaintiff's class definition to include those individuals who were classified as employees who reside in Washington and who performed truck driving services for Defendant at any time during the Class period as defined by the Complaint. Defendant reserves all rights to object to or otherwise dispute the manner in which the class is defined in the Complaint.

[2] In alleging the amount in controversy for purposes of CAFA removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Defendant concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

NOTICE OF REMOVAL - 4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

separate and apart from the piece-rate for rest breaks during the class period, which is required by regulation under *Demetrio* and *Helde*." (Complaint, ¶ 36). Plaintiff alleges that "Defendant's violation and its willful intent to deprive Plaintiff and Class Members of wages owed, Defendant deprived Plaintiff and Class Members of compensation in the amounts to be determined at trial." (Complaint, ¶ 37.)

12. The Class period as defined in the Complaint is consistent with the applicable three year statute of limitations. RCW 49.12.

13. According to Defendant's business records, there were 144 putative class members during the applicable three-year statute of limitations. (Feerhusen Decl., ¶ 5). Defendant's business records indicate the 144 putative class members worked a combined total of 46,512 days during the three year Class period. (*Id.* at ¶ 6). Thus, taking Plaintiff's allegations (solely for purposes of removal) that Defendant willfully intended to deprive Plaintiff and the putative class members of wages owed pursuant to RCW 49.12, and applying those allegations to the actual number of days worked by putative class members, Plaintiff and the putative class members are seeking to recover **$743,726.88**: $10.66[3] x 139,563[4] x .5 (three, ten minute rest breaks a day equal half an hour) for purportedly unpaid rest breaks.

14. Plaintiff is also seeking to recover double damages under RCW 49.52.050, 49.52.070, so alleged damages must be doubled. Accordingly, Plaintiff and the putative class members are seeking to recover a total of **$1,487,453.76** in wage-loss and liquidated damages for purportedly unpaid rest breaks. This amount does not include attorneys' fees and costs and/or applicable interest that are also being sought by Plaintiff and the putative class members.

---

[3] $10.66 is the average minimum wage for the last three years.

[4] This is the total number of alleged missed rest breaks estimated based on Plaintiff and the putative class members working a 14 hour work day for 46,512 days. (Complaint ¶ 4). Thus, the assumption of 3 missed rest breaks a day is reasonable based on the allegations in the Complaint. Defendant denies these allegations, and the calculations of alleged damages set forth here and elsewhere in this Notice of Removal are not an admission of liability or an admission that the allegations are accurate.

NOTICE OF REMOVAL - 5

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

### *b)   Employee Non-Driving Time*

15.   While Defendant will provide evidence showing that putative class members made, on average, $26.56 per hour for their on duty time (Feerhusen Decl., ¶ 8), Plaintiff alleges that Defendant did not compensate Plaintiff and Class Members "for all worked performed, including, but not limited to, pre-and post-trip inspections, the first two hours of detention, delays, fueling, cleaning the truck, and loading and unloading" and "Defendant deprived Plaintiff and Class Members of compensations in the amounts to be determined at trial." (Complaint, ¶¶ 41, 42). Plaintiff further alleges that "Plaintiff worked approximately 7 days per week and approximately 14 hours per day for Defendant." (Complaint, ¶ 4). The Complaint also indicates Plaintiff seeks to represent other putative class members who have allegedly suffered similar losses.

16.   The work performed by Defendant's commercial long haul drivers is not done according to any specific work schedule, and the grouping of tasks and functions performed by the putative class members has significant variance from day to day. Given the variability of these tasks and functions, putative class members performed tasks alleged to be uncompensated by Plaintiff at various times throughout nearly every work day, thus subjecting every hour allegedly worked by putative class members to scrutiny for purposes of this suit. However, consistent with the allegation that the putative class members' non-driving time is at issue, Defendants submit that the amount in controversy can be limited by removing the 6.8 hours of average driving time per work day performed by putative class members in order to isolate only non-driving tasks, which based on the average 14-hour work day alleged by Plaintiff leaves 7.2 hours of non-driving time.[5] (Feerhusen Decl., ¶ 7). This results in 334,886.4 allegedly unpaid hours (46,512 total work days x 7.2 hours) in controversy.

---

[5] Again, in providing these calculations, Defendant does not accept Plaintiff's characterization of its piece rate pay system or its assertions that certain tasks are uncompensated because such tasks are not completed while wheels are turning. Defendant's calculations as set forth above are provided only to demonstrate the damages Plaintiff seeks under his own theory of the case.

17. Defendant also conservatively assumes that Plaintiff and the putative class members seek at least the minimum wage at an average of $10.66 per hour for the last three years.

18. Based on the foregoing, Plaintiff and the putative class members are seeking to recover at least **$3,569,884.76** calculated as follows: $10.66 (Washington's average minimum wage for the Class Period) x 334,886 (total number of hours allegedly worked by putative class members during the class period less average driving time of 6.8 hours per day).[6]

19. Plaintiff is also seeking to recover double damages under RCW 49.52.050, 49.52.070, so alleged damages must be doubled. Accordingly, Plaintiff and the putative class members are seeking to recover a total of **$7,139,769.52** in purportedly lost wages and liquidated damages for unpaid work time. This amount is in addition to the purportedly lost wages Plaintiff and the putative class members are seeking to recover (as described above) for purportedly missed rest breaks. This amount does not include attorneys' fees and costs and/or interest penalties associated with any such recovery.

### c) *Attorneys' Fees*

20. Plaintiff seeks to recover attorneys' fees on behalf of the putative class. (Complaint, Prayer for Relief). Attorneys' fees are properly included in the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

21. In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Center for Auto*

---

[6] Based upon Plaintiff's allegation that he worked 14 hours a day, there would be 7.2 hours a day of nonproductive time (14 hours a day working – 6.8 hours a day driving = 7.2 hours a day of nonproductive time). Defendant denies these allegations, and the various calculations of alleged damages in this Notice of Removal are not an admission of liability or an admission that the allegations are accurate.

NOTICE OF REMOVAL - 7

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

*Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%). Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy. *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

### d.) Summary of Amount in Controversy

22. As set forth above, the Complaint satisfies the requisite $5 million for purposes of removal under CAFA, even without Plaintiffs' claims for attorneys' fees:

| **Damages** | **Amount** |
| --- | --- |
| Failure to provide rest breaks | $743,726.88 |
| Failure to pay for non-driving time | $3,569,884.76 |
| Double damages | $4,313,611.64 |
| Attorneys' Fees | $2,156,805.82 |
| **Total:** | **$10,784,029.10** |

23. Additionally, as the certification of the proposed plaintiff class has not yet

NOTICE OF REMOVAL - 8

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

occurred, the amount in controversy is only likely to increase as many putative class members continue to work for Defendant.

24. Accordingly, removal of this action under CAFA is proper under 28 U.S.C. §1332(d).

### III. ALL REQUIREMENTS ARE SATISFIED

24. Pursuant to 28 U.S.C. § 1441 et seq., the right exists to remove this case from the Superior Court of the State of Washington in and for the County of King, to the United States District Court for the Western District of Washington, which embraces the place where this action is pending. This Court is a proper venue for this action because the United States District Court for the Western District of Washington embraces the county in which the state court action is now pending. See 28 U.S.C. § 128(b); 28 U.S.C. § 1391(b).

25. No previous application has been made for the relief requested herein.

26. Pursuant to 28 U.S.C. § 1446, attached hereto is a copy of the Complaint (Exhibit A), the Summons (Exhibit B), and Case Information Cover Sheet, Order Setting Case Schedule, Affidavit of Service and Notice of Appearance (Exhibit C). Counsel for the Defendant hereby verifies that these Exhibits, along with this Notice of Removal, are true and complete copies of all the process, pleadings and orders served upon it in this action.

27. Written notice of the filing of this Notice of Removal will be served on Plaintiff as required.

28. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of the State of Washington in and for the County of King, as required.

WHEREFORE, Defendant hereby removes this case from the Superior Court of the State of Washington in and for the County of King, where it is now pending, to this Court.

//
//
//

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 7, 2019. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By: */s/ Jaime N. Cole*  _____

Jaime N. Cole, WA #47258
Laurence A. Shapero, WSBA #31301
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: 206-693-7057
Email: Jaime.cole@ogletree.com
Laurence.shapero@ogletree.com

*Attorneys for Defendant*

NOTICE OF REMOVAL - 10

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Craig J. Ackermann, WSBA #5330
Brian Denlinger, WSBA #53177
Ackermann & Tilajef, P.C.
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Phone: 310-277-0614
Email: cja@ackermanntilajef.com
        bd@ackermanntilajef.com

India Lin Bodien, WSBA #53330
India Lin Bodien, Attorney at Law
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Phone: 253-212-7913
Email: india@indialinbodienlaw.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 7, 2019, in accordance with 28 USC 1746.

*/s/ Ashley M. Rogers*
Ashley Rogers

37230165.2

37312756.1