THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN P. GONZALEZ, | CASE NO. C19-0186-JCC |
| Plaintiff, | ORDER |
| v. | |
| CRETE CARRIER CORPORATION, | |
| Defendant. | |

This matter comes before the Court on Defendant Crete Carrier Corporation's motion to dismiss (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Defendant is an irregular route motor carrier engaged in interstate commerce nationwide. (Dkt. No. 13 at 2.) Plaintiff John Gonzalez is a Washington resident and former employee of Defendant who worked as a driver out of Defendant's Utah terminal. (Dkt. No. 1-2 at 3.) Plaintiff alleges that Defendant failed to pay Plaintiff and others similarly situated for rest periods and all non-productive activities, in violation of Washington law. (*Id.* at 2.)

Defendant is a Nebraska corporation, with its headquarters in Lincoln, Nebraska. (*Id.* at 3.) It has no offices in Washington, is not registered to do business in Washington, and has not

withheld or paid any Washington payroll or taxes. (Dkt. No. 13 at 2.) Instead, it covers those Washington resident drivers who it employs under workers' compensation and unemployment compensation programs of other states. (*Id.*) Defendant's sole contacts with Washington are two leased parking spaces in Washington and advertisements for its trucking positions in Washington. (Dkt. No. 16 at 8.) Defendant brings this motion to dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim. (Dkt. No. 13.)

## II. DISCUSSION

### A. Motion to Dismiss Standard of Review

When a defendant seeks dismissal for lack of personal jurisdiction, the plaintiff must show that the exercise of jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In assessing whether the plaintiff met his or her burden, the Court must take any uncontroverted allegations in the plaintiff's complaint as true and resolve any conflicts between the facts in the documentary evidence in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Claims against a defendant must be dismissed when a court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

### B. Personal Jurisdiction

When determining whether the exercise of personal jurisdiction over a defendant is appropriate, federal courts apply the law of the state in which they sit. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Washington courts are permitted "to exercise jurisdiction over a nonresident defendant to the extent permitted by the due process clause of the United States Constitution." *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 149 (Wash. Ct. App. 2010). Thus, the only question for the Court is whether the Court's exercise of jurisdiction comports with the limitations imposed by due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984).

Due process permits the Court to "subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does

not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316. The extent of these contacts can result in a court possessing either general or specific jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

1. General Jurisdiction

If the state where the court sits can be "fairly regarded as home" to the defendant, general jurisdiction is properly exercised. *Goodyear*, 564 U.S. at 924. A corporation is at home in any state where it engages "in . . . continuous and systematic general business contacts . . . that approximate physical presence . . . ." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). In other words, corporations are most commonly subject to general jurisdiction in the state in which they are incorporated and the state in which their principal place of business is located. *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014).

Plaintiff does not dispute that an exercise of general jurisdiction over Defendant would be improper in Washington. (*See* Dkt. No. 16 at 5.) Defendant is incorporated and has its principal place of business in Nebraska, and thus cannot be subject to general personal jurisdiction in Washington on these bases. (Dkt. No. 13 at 2.) Additionally, Defendant has no offices, facilities, or operations in Washington such that it could fairly be considered to have sufficient contacts that approximate physical presence in Washington. (*See id.*); *see also Daimler*, 571 U.S. at 137 ("[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."). For these reasons, the Court finds that it lacks general personal jurisdiction over Defendant.

2. Specific Jurisdiction

The Ninth Circuit uses a three-prong test to determine whether the exercise of specific

jurisdiction is appropriate:

1. The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2. [T]he claim must be one which arises out of or relates to the defendant's forum-related activities; and

3. [T]he exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

### a. *Purposeful Availment*

In order to ensure that a defendant is not "haled into a jurisdiction through random, fortuitous, or attenuated contacts," *Zeigler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995), the defendant must "purposefully [avail] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Nicastro*, 564 U.S. at 877 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

The wage claims at issue here are best understood as claims sounding in contract. *See JP Morgan Chase Bank, N.A. v. Jones*, Case No. C15-1176-RAJ, Dkt. No. 37 at 20 (W.D. Wash. 2016) (using the purposeful availment test for Fair Labor Standards Act ("FLSA") claims "because the claims here generally sound in contract"); *see also Webster v. Pub. Sch. Emp. of Wash., Inc.*, 247 F.3d 910, 918 (9th Cir. 2001) (analogizing the FLSA and Washington's Minimum Wage Act).[1] In cases sounding in contract or arising out of contractual relations, the

---

[1] While courts often use the phrase "purposeful availment" to include both purposeful availment and purposeful direction, the two are distinct concepts. *Schwarzenegger*, 374 F.3d at 802. The purposeful direction analysis is used for intentional tort claims. *Calder v. Jones*, 465 U.S. 783, 789 (1984). While Defendant cites case law applying the purposeful direction analysis to FLSA claims, these cases involved intentional wage gouging claims that the court found to lend itself to an intentional tort analysis. *See Holliday v. Lifestyle Lift, Inc.*, 2010 WL 3910143, slip op. at 3 (N.D. Cal. 2010). *Calder* explicitly distinguished between untargeted acts and "intentional, and allegedly tortious, actions" that were expressly aimed at the forum state. *Calder*, 465 U.S. at 789. In the latter instance, the purposeful direction test is appropriate. *Id.*; *see also Clairmont v.*

Court uses the purposeful availment analysis. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). In doing so, the Court "typically inquire[s] whether a defendant 'purposefully avail[ed] itself of the privilege of conducting activities' or 'consummat[ed] a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Id.* (citing *Schwarzenegger*, 364 F.3d at 802). The Court looks to whether the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Additionally, a "non-resident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in contract negotiations or the transaction of business." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990), *reversed on other grounds*, 499 U.S. 1522 (1991).

Plaintiff makes several allegations to support his claim that Defendant is subject to specific personal jurisdiction in this case: (1) Defendant employs "numerous Washington resident truck drivers"; (2) Defendant "regularly conducts business in Washington that generates significant revenue"; (3) Defendant maintains drop yard leases in two Washington cities; and (4) Defendant targets Washington-based truck drivers with online job advertisements. (Dkt. No. 16 at 8.)

First, Plaintiff being a Washington resident and Defendant's employment of Washington residents are not bases to find that Defendant purposefully availed itself of the Washington market—this is unilateral activity by Plaintiff, which cannot be used to satisfy the requirement of Defendant's contact with the forum state. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988).

On the other hand, Plaintiff's allegations that Defendant regularly conducts business in

---

*Genuity, Inc.*, Case No. C02-1876-RSL, Dkt. No. 68 at 5 (W.D. Wash. 2004). Plaintiff's claims are not based on an alleged intentional tort; therefore, the purposeful direction test is not appropriate.

Washington and maintains drop yard leases in Washington do establish that Defendant purposefully availed itself of the Washington market. (Dkt. No. 16 at 8.) The bulk of Defendant's business occurs outside of Washington—recruitment occurs in Nebraska and Pennsylvania; management and direction occur outside of Washington; and Defendant's compliance teams, payroll department, and employee files are all maintained in Nebraska. (Dkt. No. 13 at 6.) Nevertheless, Washington customers make up 0.07% of Defendant's customer base and Washington entities make up 0.7% of Defendant's overall revenue. (*Id.*) Because Defendant has customers in Washington, it has availed itself of the Washington market. (*Id.* at 4–5); *see State of Wash. Dep't of Revenue v. www.dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048, 1052 (W.D. Wash. 2003) (finding that the sale of cigarettes to Washington residents constituted purposeful availment). Additionally, Defendant's advertisements for its driving positions in Washington also satisfy the purposeful availment prong, as the advertisements are not indiscriminate or generalized. (*See* Dkt. No. 17) (examples of advertisements to specific Washington cities); *cf. Dig. Control Inc. v. Boretronics Inc.*, 161 F. Supp. 2d 1183, 1187 (W.D. Wash. 2001) ("[D]efendants' use of indiscriminate, nationwide forms of advertising does not give rise to an inference of purposeful or deliberate action towards Washington residents . . . ."). Therefore, Defendant has purposefully availed itself of the Washington market.

            b.      *Arise Out of the Forum-Related Activity*

Although Defendant has purposefully availed itself of the Washington market, Plaintiff's claims must arise out of this forum-related activity in order for the Court to exercise specific personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 802. Plaintiff alleges a "systematic failure to comply with Washington law regarding the separate payment for rest periods and for all hours worked" by Defendant as the basis for his claims. (Dkt. No. 1-2 at 7.) This allegation does not arise from the minimal business that Defendant conducted in Washington; all decisions regarding direction, control, or coordination of Defendant's activities are made in Nebraska, and its management of Plaintiff occurred outside of Washington. (Dkt. No. 13 at 4.) Defendant's small

number of customers and several rented parking spots are irrelevant to Plaintiff's claims.

Additionally, Defendant's Washington-targeted advertisements do not give rise to any of Plaintiff's claims. Plaintiff brings this case on behalf of a class consisting of "individuals who resided in Washington State" and were employed by Defendant. (*Id.*) Plaintiff's claims concern Defendant's wage payments to Plaintiff, which have no connection with Defendant's limited advertising in Washington. Because Plaintiff's claims do not arise out of Defendant's purposeful availment of the Washington market, specific personal jurisdiction over Plaintiff's claims is not proper.[2]

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 13) is GRANTED. The case is DISMISSED without prejudice.

DATED this 20th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Because Plaintiff has not satisfied his burden with respect to the second prong of the test for specific personal jurisdiction, the Court need not and does not reach the third prong. *See Schwarzenegger*, 374 F.3d at 807 n.1.